*Law Library* FILED
~~OR COURT~~
~~OF GUAM~~

~~~~ 14 PM 3: 22

## IN THE SUPERIOR COURT
## OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,       ) | CRIMINAL CASE No. CF 0222-12 |
|         ) | |
|         ) | |
| v.         ) | **DECISION AND ORDER** |
|         ) | On Defendant's Motions to Dismiss |
| CECELIO PALOMARES RODRIGUEZ,    ) | |
|         ) | |
| Defendant.       ) | |
|         ) | |

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 11, 2012 on Defendant's Motion to Dismiss Indictment. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion to Dismiss Indictment.

### FACTUAL HISTORY

On April 13, 2013 the Defendant was indicted on multiple counts of both felony *Terrorizing* and *Family Violence*, as well as three counts of *Assault* as a misdemeanor. The charges stem from an incident that allegedly occurred between the Defendant and his wife. On August 17, 2013 the Defendant filed a Motion to Dismiss challenging the indictment handed down by the grand jury. The Defendant specifically argues that the evidence presented to the grand jury was not competent. The Defendant also argues that the indictment should be dismissed based upon the prosecutor's failure to provide the grand jury with exculpatory evidence. Because the rules of evidence do not apply to grand jury proceedings, the Court holds that the question of competent evidence does not warrant dismissal of the indictment. The

Court further holds that the Defendant has not demonstrated that the evidence that the prosecutor failed to present to the grand jury is in fact "exculpatory."

<center>DISCUSSION</center>

The Defendant has been indicted on felony charges of *Terrorizing* and *Family Violence*, as well as three counts of misdemeanor *Assault*. The Defendant now seeks to have the charges against him dismissed; arguing that the underlying grand jury indictment is flawed. In his Motion to Dismiss the Defendant specifically argues that the grand jury was not presented with competent evidence. The Defendant further argues that the prosecutor failed to provide exculpatory evidence by not providing the grand jury with: (1) the Defendant's handwritten statement to the police, and (2) the police photographs of the alleged victim's injuries. For the following reasons, the Court disagrees with the Defendant and denies his motion.

## I. *The Grand Jury was Presented with Competent Evidence*

The Defendant has challenged the validity of the indictment arguing that the grand jury was not presented with competent evidence. The Defendant argues that "none of the evidence presented to the grand jury was competent because the sole witness before the grand jury, Investigator Manley, was not competent to testify." The Defendant's challenge to Investigator Manley's competency to testify is based upon on the rules of evidence and the claim that "His testimony is not competent because he does not have personal knowledge and did not take part in the investigation."

The rules of evidence do not apply to grand jury proceedings. For this reason, the grand jury may indict based upon "tips, rumors, evidence offered by the prosecutor, or their own personal knowledge." *U.S. v. Dionisio*, 410 U.S. 1, 15 (1973). Accordingly, "the validity of an indictment is not affected by the character of the evidence considered" and "is not subject to challenge on

the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *U.S. v. Calandra*, 414 U.S. 338, 345 (1974).

The Defendant's current challenge is similar to the facts presented in the U.S. Supreme Court case of *U.S v. Costello*. In *Costello*, the Defendant was accused of tax fraud and "moved to dismiss the indictment on the ground that the only evidence before the grand jury was 'hearsay,' since the three officers had no firsthand knowledge of the transactions upon which their computations were based." 350 U.S. 359, 361 (1956). The Supreme Court ruled against the Defendant holding that to rule otherwise would "run counter to the whole history of the grand jury institution," as "The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." *Id.* at 408.

Investigator Manley's testimony constitutes hearsay, which is competent evidence in a grand jury proceeding. For this reason, Guam case law has upheld an indictment based entirely upon hearsay testimony. *See People v. Quidachay*, D.C. Crim. 85-00067A (1986). Guam statutory law also makes explicit that "the fact that evidence which is incompetent was received by the grand jury does not render the indictment void." 8 G.C.A. §50.42 (1980). Because the rules of evidence do not apply to grand jury proceedings, Investigator Manley's lack of personal knowledge of the investigation and his hearsay testimony do not render the indictment invalid.

## II. *Failure to Provide Exculpatory Evidence*

Dismissal of a grand jury indictment based upon the failure to provide exculpatory evidence is rare. The U.S. Supreme Court has made clear that, as a general rule, a grand jury indictment will not be invalidated based upon a prosecutor's failure to present certain evidence. *U.S. v. Williams*, 504 U.S. 36, 54 (1992). Some states have distinguished this precedent by finding a

requirement to provide exculpatory evidence based upon statute. California law, which served as the basis for Guam's grand jury statute, requires prosecutors to provide exculpatory evidence because the statute authorizes the grand jury "to weigh all the evidence submitted to them, and when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced." *Johnson v. Superior Court*, 539 P.2d 792, 796 (Cal.)(1975).

Guam statutory law also places a duty upon the prosecutor to disclose exculpatory evidence. 8 G.C.A. §50.46. The law requires that "the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt." Guam law provides an example of exculpatory evidence, explaining that "Evidence known to the prosecutor that would indicate [the] defendant was elsewhere at the time the crime was alleged to have been committed is the sort which must be presented to the Grand Jury." 8 G.C.A. §50.46 (citing *People v. Sablan*, D.C. Cr. 85-0024A (1986)). The Defendant argues that two such pieces of evidence were omitted. Specifically, the Defendant argues that the grand jury should have been provided with: (1) his handwritten statement to the police, and (2) the police photographs of the victim taken after the alleged altercation. An analysis of each of these pieces of evidence demonstrates that they do not meet the definition of 'exculpatory' as the evidence does not tend to negate the guilt of the Defendant.

### a. The Defendant's Handwritten Statement

The Defendant argues that the People's exclusion of his handwritten statement from the grand jury proceedings constitutes a failure to submit exculpatory evidence. According to the motion the handwritten statement "gives a clearer picture of the defendant's version of what happened." The Defendant asserts that without reading the handwritten statement, the grand jury did not learn: (1) that the victim's knee injury is attributable to her slipping and falling, (2) that

the victim "physically assaulted" the Defendant, and (3) that the victim and the Defendant slept in the same bed after the alleged incident occurred.

The Defendant's version of the alleged incident was presented to the grand jury. It is true that the Defendant's handwritten statement was not read to the grand jury *verbatim*. However, upon listening to the recording of the grand jury proceedings, it is not clear to the Court that the facts contained within the statement were not effectively summarized. The witness, Inspector Manley, read to the grand jury the police officer's notes of his interview with the Defendant, which contained only minor differences from the facts presented in the omitted handwritten statement.

The People did not withhold any facts that would tend to negate the guilt of the Defendant. Contrary to the Defendant's assertion, the grand jury was informed of the Defendant's claim that the alleged victim "sustained [an] abrasion on her knee when she slipped." The grand jury was also informed that the victim and the Defendant slept in the same bed after the alleged incident. The grand jury was further informed that the Defendant denied grabbing or punching his wife and that he denied ever threatening her. Conversely, the grand jury was not informed that upon being arrested, the Defendant confessed to the police that he had grabbed and shoved his wife.

The only fact that was not presented to the grand jury is the Defendant's claim that his handwritten statement contains evidence of an assault. The Defendant's allegation that the victim was "physically assaulting" him at the time of the alleged altercation is, however, questionable and is certainly not exculpatory. The sole basis of the accusation is the statement that, when the Defendant entered the same room as the victim, the victim began "pulling me to go out." The victim is not charged with assault and the Defendant's statement that she may have "pulled" him is not exculpatory and does not negate the current criminal charges against him.

### b. The Police Photographs

The Prosecutor did not provide the grand jury with photographs of the victim's injuries which were taken shortly after the alleged altercation. The Defendant argues that these photographs are "exculpatory in nature because the "wounds" suffered by the victim are superficial." The Defendant further argues that the photographs would help demonstrate that "there was no evidence presented to establish that the victim suffered "serious bodily injury" to support a charge of Family Violence Assault as a third degree felony."

The Defendant is not charged with "serious bodily injury." Accordingly to the indictment, the Defendant is accused of committing *Family Violence* as a third degree felony pursuant to 9 GCA §§30.1(a)(1) and 30.20(a). As correctly noted by the Prosecutor, neither of these charges involve "serious bodily injury." Instead, the two statutory sections only require evidence that the Defendant was "Attempting to cause or causing bodily injury to another family or household member," (§§30.1(a)(1)) and that while acting "intentionally, knowingly, or recklessly commits an act of family violence" such that he may be proven "guilty of a misdemeanor, or of a third degree felony." §30.20(a).

The police photographs are not exculpatory evidence. The photographs show that the alleged victim was injured. The same photos do not, however, prove or disprove whether the Defendant was the cause of these injuries. As such, the photos cannot tend to negate the Defendant's guilt as to the alleged charges. The photos may speak to the severity of the victim's injuries, but whether the alleged victim suffered serious or minor injuries does not "explain away the charges" against the Defendant. *Johnson* at 796.

## CONCLUSION

Based on the foregoing, the Court does not find sufficient grounds to establish that the grand jury was presented with incompetent testimony. The Court further holds that the People's exclusion of the Defendant's handwritten statement and the police photographs does not constitute a failure to provide exculpatory evidence. Accordingly, the Motion to Dismiss Indictment is DENIED. Trial setting is hereby scheduled for _____Jan. 4,_____, 2013 at 9:00am.

SO ORDERED, this 14 day of December 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I hereby certify this to be a true and correct copy of the original on file the office of the clerk of the Superior Court, Guam.
Dated at Hagatna, Guam

DEC 1 4 2012

Frederic J. Mendiola
Deputy Clerk, Superior Court of Guam